UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 04-30092-KPN



THOMAS P. BUDNICK,
PLAINTIFF
V.
HAMPDEN COUNTY HOUSE OF CORRECTION, SHERIFF MICHAEL J. ASHE, JR., INDIVIDUALLY AND IN THE SCOPE OF HIS AUTHORITY, JAMES L. GILL, VOCATIONAL MANAGER, INDIVIDUALL AND IN THE SCOPE OF HIS AUTHORITY, ASSISTANT SUPERINTENDENT WILLIAM TOLLER, INDIVIDUALLY AND IN THE SCOPE OF HIS EMPLOYMENT, MASSACHUSETTS PAROLE BOARD (MEMBERS UNKNOWN), BAYSTATE MEDICAL CENTER, INC., DOCTOR KRISTIN STUEBER, INDIVIDUALLY AND IN THE SCOPE OF HER EMPLOYMENT, DOCTOR RALPH JONES, INDIVIDUALLY AND IN THE SCOPE OF HIS EMPLOYMENT AND DEPARTMENT OF CORRECTIONS,
DEFENDANTS

### DEFENDANTS' MOTION TO DISMISS

Now come the defendants in the above-captioned matter and hereby move to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e, because it is frivolous on its face.

The defendants assign the following as reasons for their motion.

1.     Pursuant to 28 U.S.C. § 1915A, "the court shall review, . . . as soon as possible after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1).

2.     Pursuant to 42 U.S.C. § 1997e, "[t]he court shall on its own motion or on the motion of a party dismiss any action with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility if the court is satisfied that the action is frivolous . . . ." 42 U.S.C. § 1997e(c).

3. Plaintiff, proceeding pro se, filed the complaint on June 3, 2004.

4. The allegations set forth in the complaint are wholly insubstantial and frivolous on their face.

5. The defendant alleges that this case meets the amount in controversy requirement, because "billions and trillions of American dollars are at stake." Complaint, p. 3.

6. In Count I of the complaint, the plaintiff seeks damages in excess of $10,000,000,000.00 for "damage to America's manifest destiny" because "[s]hort & sweet, Budnick just has to get home to claim vast property in outer space." Complaint, p. 5. He claims that "[his] home is a short <u>two (2) minutes</u> away" and that he "is willing to pay for the guard overtime to be allowed home for a two (2) hour period." Id. Alternatively, the plaintiff suggests that "he is willing to draw a diagram of his 'home library.' One (1) or two (2) correctional officer [sic] could pick-up his Martian charts, Martian location patterns, Martian diagrams, Martian 'sky-chart' and deliver them to Budnick in the jail." Id.[1]

7. In Count II, the plaintiff seeks damages in excess of $10,000,000,000.00 for violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1987, and Massachusetts General Laws c. 231 et seq. and c. 266 et seq. The basis of the plaintiff's complaint is his allegation that he was improperly denied the opportunity to work in "business occupations and stuck in welding shop" after he "inadvertently put three (3) two (2) inch pieces of scotch tape on his fingers and attempted to walk out of the [graphics arts] office." Complaint, p. 7-8. The

---

[1] Additionally, the plaintiff notes that his "main competitor - Mr. Dennis Hope, Highway 395, c/o Lunar Embassies, Gardnerville, Nevada is very, very active on the moons of Jupiter!" Complaint, p. 6.

2

plaintiff noted that "[h]e didn't think of this as stealing as this tape was to do his American space exploration work!!" Complaint, p. 7. The plaintiff notes that he "has six hundred and fourteen (614) audio/video tape applications for show cause pending in the Palmer Trial Court. These have been pending for twenty-four (24) years" and "deal with Martian trespass, and United States Supreme Court Judge Stephen Breyer has granted Budnick great favor!!!" Complaint, p. 9-10. Additionally, the plaintiff alleges that "Doctor Kristin Stueber highly ridiculed Budnick for allegedly burning his hands on a Martian meteorite." Complaint, p. 10.

8.   In Count III, the plaintiff seeks damages in excess of $10,000,000,000.00 based upon his allegation that he was improperly denied parole on September 4, 2003. See Complaint, p. 12. He asserts that he should have been granted parole, because: (1) of his "excellent record at the Hampden County House of Correction"; (2) his attendance at "all training and achievement workshops"; (3) he "takes great responsibility for the serious nature of the crime, and is truly sorry"; (4) he "has to get out of jail to file Martian mining claims. He has been doing this on a regular bases [sic] for twenty-five (25) years"; and (5) "[a]t the first parole hearing, the officer in charge acted drunk or drugged." Complaint, p. 12-13.

9.   In Count IV, the plaintiff seeks damages in excess of $600,000.00 for "amputation." Complaint, p. 15. He asserts that "Doctor Stueber ridiculed [his] Martian meteorite burns by saying [he] was schizophrenic," and eventually she "amputated [his] 2nd right forefinger saying the infection had gone much too far." Id. Moreover, although the plaintiff claims that the defendants delayed proper treatment of an ingrown toenail on his right foot, he alleges facts that demonstrate that the defendants did, in fact, prescribe treatment for his toenail. See id., p. 16-17.

10.   In addition to the instant action, the plaintiff previously filed an Emergency Motion

3

with the United Sates District Court Dallas Division requesting relief similar to his current demands. See Emergency Motion. In the Emergency Motion, the plaintiff stated

> This coming December & January their [sic] will be four (4) Martian landings - two (2) American, one (1) European, on Japanesse [sic] on Mars. The plain truth of the matter is I just have to get home to claim this property for the good & fair people of Texas. Please note; home is a short two (2) minutes away. . . .
> I am desperately trying to get the Martian maps, charts, graphs, & location patterns to continue America's manifest destiny!!!

Emergency Motion, p. 1-2. The plaintiff requested that he be allowed a home visit "under heavy armed guard" and offered "to pay for the overtime." Id., p. 2. On October 27, 2003, the Court dismissed the Emergency Motion and ordered that it be stricken from the record, because the case was closed as of July 31, 2000. See Order Striking/Unfiling Pleading.

11. Clearly, the plaintiffs claims are fantastical and delusional, and lack any arguable basis in either law or fact.

WHEREFORE, for the above-stated reasons, the defendants pray that the complaint be dismissed with prejudice.

FOR THE DEFENDANTS,
**HAMPDEN COUNTY HOUSE OF CORRECTION SHERIFF MICHAEL J. ASHE, JR.,
JAMES L. GILL, AND WILLIAM TOLLER,**
By Their Attorneys

Edward J. McDonough, Jr., BBO#331590
Katherine J. Day, Esq. BBO#657765
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

CERTIFICATE OF SERVICE

_Katherine Day_, hereby certify that on 7/12/04, I have caused the aforementioned document to be served on all parties to this action by mailing a copy of same first-class mail, postage prepaid to Thomas P. Budnick, pro se, Hampden County Correctional Center, 627 Randall Road, Ludlow, MA 01056.

4