UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30092 N

| | |
|---|---|
| THOMAS P. BUDNICK<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| HAMPDEN COUNTY HOUSE OF CORRECTION, SHERIFF MICHAEL J. ASHE, JR., INDIVIDUALLY AND IN THE SCOPE OF HIS AUTHORITY, VOCATIONAL MANAGER JAMES L. GILL, INDIVIDUALLY AND IN THE SCOPE OF HIS AUTHORITY, ASSISTANT SUPERINTENDENT WILLIAM TOLLER, INDIVIDUALLY AND IN THE SCOPE OF HIS EMPLOYMENT, MASSACHUSETTS PAROLE BOARD (MEMBERS UNKNOWN), BAYSTATE MEDICAL CENTER, INC., DR. KRISTIN STUEBER, INDIVIDUALLY AND IN THE SCOPE OF HER EMPLOYMENT, DR. RALPH JONES INDIVIDUALLY AND IN THE SCOPE OF HIS EMPLOYMENT<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT, KRISTIN STUEBER, M.D.'S MOTION TO COMPEL THE CONVENING OF A MEDICAL MALPRACTICE TRIBUNAL

Now comes the Defendant, Kristin Stueber, M.D. (hereinafter the "Defendant"), and moves that this action be referred to a medical malpractice tribunal hearing in accordance with the provisions of G.L. c. 231, §60B, and <u>Feinstein v. Massachusetts General Hospital</u> 643 F.2d 880 (1st Cir. 1981).

The Defendant assigns the following reasons for his motion:

1. The Defendant, Kristin Stueber, M.D., is a medical provider, under M.G.L. c. 231 §60B, the Massachusetts Medical Malpractice Tribunal statute.

KEYES AND
DONNELLAN, P.C.
ATTORNEYS AT LAW
293 BRIDGE STREET
SUITE 600
SPRINGFIELD, MA 01103
(413) 781-6540

1

2. The complaint alleges that the Defendant failed to diagnose and/or take the necessary steps to treat an infection in the Plaintiff's finger in a timely manner.

3. In these circumstances, where a claim for medical negligence is included in the complaint, Massachusetts Substantive law must be followed. The medical malpractice tribunal statute, G.L. c. 231 §60B, requires the convening of a tribunal to determine whether the claim presents a genuine issue for trial. Accordingly, the case should be referred for a tribunal hearing pursuant to the statute. <u>Feinstein v. Massachusetts General Hospital</u> 643 F.2d 880 (1st Cir. 1981).

WHEREFORE, the defendant pray that her motion be allowed.

THE DEFENDANT,
**KRISTIN STUEBER, M.D.**

By His Attorneys
KEYES AND DONNELLAN, P.C.

Dated:

_____
Kevin C. Giordano, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 FAX
BBO: #547376

KEYES AND
DONNELLAN, P.C.
ATTORNEYS AT LAW
293 BRIDGE STREET
SUITE 600
SPRINGFIELD, MA 01103
(413) 781-6540

2

## CERTIFICATE OF SERVICE

I, Kevin C. Giordano, Esquire, of Keyes and Donnellan, P.C., 293 Bridge Street, Suite 600, Springfield, Massachusetts, hereby certify that on the 20th day of July, 2004, I caused the original of the foregoing document to be sent to the Plaintiff, pro se, by mailing, first class mail, postage prepaid, to the following:

Thomas P. Budnick
The Hampden County House of Correction
627 Randall Road
Ludlow, MA 01056

Edward J. McDonough, Jr., Esq.
EGAN, FLANAGAN & COHEN, P.C.
67 Market Street
P O Box 9035
Springfield, MA 01102-9035

_____
Kevin C. Giordano

KEYES AND
DONNELLAN, P.C.
ATTORNEYS AT LAW
293 BRIDGE STREET
SUITE 600
SPRINGFIELD, MA 01103
(413) 781-6540

3