UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30092 N

| | |
|---|---|
| THOMAS P. BUDNICK<br>        Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| HAMPDEN COUNTY HOUSE OF<br>CORRECTION, SHERIFF MICHAEL J. ASHE,<br>JR., INDIVIDUALLY AND IN THE SCOPE OF<br>HIS AUTHORITY, VOCATIONAL MANAGER<br>JAMES L. GILL, INDIVIDUALLY AND IN THE<br>SCOPE OF HIS AUTHORITY, ASSISTANT<br>SUPERINTENDENT WILLIAM TOLLER,<br>INDIVIDUALLY AND IN THE SCOPE OF HIS<br>EMPLOYMENT, MASSACHUSETTS PAROLE<br>BOARD (MEMBERS UNKNOWN), BAYSTATE<br>MEDICAL CENTER, INC., DR. KRISTIN<br>STUEBER, INDIVIDUALLY AND IN THE SCOPE<br>OF HER EMPLOYMENT, DR. RALPH JONES<br>INDIVIDUALLY AND IN THE SCOPE OF HIS<br>EMPLOYMENT<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, KRISTIN STUEBER, M.D.'S
OPPOSITION TO PLAINTIFF'S MOTION
TO CHANGE VENUE**

Now comes the Defendant, Kristin Stueber, M.D. (hereinafter the "Defendant"), and opposes plaintiff's Motion to Change Venue on the grounds that the plaintiff has failed to set forth any legitimate reason why this action should be transferred to a district court in Texas.    Indeed, the basis of plaintiff's request for a change of venue, i.e., "heavy F.B.I. survillence [sic] for the last seventeen (17) years" ordered by Judge Michael A. Ponser "has prevented [plaintiff] from getting a 'fair shake' in the Springfield Federal District Court," is wholly insubstantial and frivolous.

KEYES AND
DONNELLAN, P.C.
ATTORNEYS AT LAW
293 BRIDGE STREET
SUITE 600
SPRINGFIELD, MA 01103
(413) 781-6540

The district court has broad discretion in determining whether a transfer of venue is warranted. *See* 28 U.S.C. § 1404. In considering a motion to transfer, the Court must take into account interests in conserving judicial resources, convenience of the parties and witnesses, access to sources of proof, and practical considerations in facilitating final resolution of litigation in an expeditious and inexpensive manner. *See Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F. Supp. 525 (D.D.C. 1987). As the plaintiff fails to set forth any legitimate reason for a change of venue and there is no indication that a district court in Texas would have personal jurisdiction over the defendants, all of whom reside in Massachusetts, a transfer of venue is clearly inappropriate. See *Albion v. YMCA Camp Letts,* 171 F.3d 1, 2 (1st Cir. 1999).

Wherefore, the defendant respectfully requests that the Court deny plaintiff's Motion to Change Venue.

THE DEFENDANT,
**_KRISTIN STUEBER, M.D._**

By His Attorneys
KEYES AND DONNELLAN, P.C.

Dated: ___10 - 21 - 04___

Kevin C. Giordano, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 FAX
BBO: #547376

KEYES AND
DONNELLAN, P.C.
ATTORNEYS AT LAW
293 BRIDGE STREET
SUITE 600
SPRINGFIELD, MA 01103
(413) 781-6540

2

## CERTIFICATE OF SERVICE

I, Kevin C. Giordano, Esquire, of Keyes and Donnellan, P.C., 293 Bridge Street, Suite 600, Springfield, Massachusetts, hereby certify that on the 21 day of October 2004, I caused copies of the foregoing document to be sent by mailing, first class mail, postage prepaid, to the following:

Thomas P. Budnick, Pro Se
The Hampden County House of Correction
627 Randall Road
Ludlow, MA  01056

Edward J. McDonough, Jr., Esq.
EGAN, FLANAGAN & COHEN, P.C.
67 Market Street
P O Box 9035
Springfield, MA 01102-9035

Kevin C. Giordano

KEYES AND
DONNELLAN, P.C.
ATTORNEYS AT LAW
293 BRIDGE STREET
SUITE 600
SPRINGFIELD, MA 01103
(413) 781-6540