```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


THOMAS P. BUDNICK,             )
      Plaintiff                )
                               )
              v.               ) CIVIL ACTION NO. 04-30092-MAP
                               )
HAMPDEN COUNTY HOUSE OF        )
CORRECTION, ET AL,             )
      Defendants               )
```

**MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION
WITH REGARD TO DEFENDANTS' MOTIONS TO DISMISS
AND MOTION TO COMPEL**
(Docket Nos. 5, 8, 11, 13 & 21)

November 5, 2004

**PONSOR, D.J.**

Plaintiff, a prisoner at the defendant Hampden County House of Correction since August 2001, has filed a pro se complaint in four counts. Count I charges "damage to America's manifest destiny," Count II charges a civil rights violation, Count III charges bribery and Count IV alleges medical negligence. Counts I through III appear to target all the defendants, whereas Count IV is directed only at certain health care providers.

The Hampden County House of Correction ("HCHC"), Sheriff Michael J. Ashe Jr. and two HCHC administrators, James L. Gill and William Toller (the "HCHC defendants") have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The defendant Department of Corrections ("DOC")

has joined in the motion, and another defendant, the Massachusetts Parole Board ("Parole Board") has filed a separate Motion to Dismiss (Docket Nos. 5, 11 and 13). One of the physician defendants, Kristin Stueber, has filed a motion to compel the convening of a medical malpractice tribunal in response to the claim of medical negligence (Docket No. 8). Two other defendants, Ralph Jones and Baystate Medical Center, Inc., have not appeared.

The court referred the motions to dismiss in this matter to Magistrate Judge Kenneth P. Neiman for report and recommendation. On October 8, 2004, Judge Neiman issued his recommendation, to the effect that the motions to dismiss should be allowed. Further, Judge Neiman recommended that the state law claim of medical negligence be dismissed as a matter of discretion. If adopted, this dismissal would moot the motion of the defendant Stueber to compel a medical malpractice tribunal, and would allow the court to dismiss the case as a matter of discretion against the two remaining defendants, Baystate Medical Center and Ralph Jones.

For the reasons set forth in Magistrate Judge Neiman's detailed memorandum, the Report and Recommendation will be adopted, the motions to dismiss will be allowed and the court will dismiss any remaining claims in the case as a matter of discretion.

As Magistrate Judge Neiman noted, the frivolity of plaintiff's claim in Count I - that he has been unable to continue sending claims to Texas for Martian land and minerals - is self evident. With regard to Count II, Magistrate Judge Neiman is correct that there has been no valid assertion of a violation of an established Constitutional right. With regard to Count III, plaintiff obviously lacks standing to enforce the criminal code. The final count, asserting only a state law claim, may be dismissed as a matter of discretion where no federal cause of action exists.

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Kenneth P. Neiman dated October 8, 2004 is hereby adopted. The Motions to Dismiss (Docket Nos. 5, 11 and 13) are hereby ALLOWED. The Motion to Compel (Docket No. 8) is hereby DENIED as moot. The court as a matter of discretion hereby, <u>sua</u> <u>sponte</u>, dismisses all counts against the remaining defendants. The case may now be closed.

It is So Ordered.

                                                /s/ Michael A. Ponsor
                                                  MICHAEL A. PONSOR
                                                  U. S. District Judge